von Degens v. von Degens, 199 Ill. App. 481.

to interstate carrier's liability for loss or damage to interstate shipment decisions from State courts do not avail as the Carmack Amendment supersedes all regulations and policies of the different States.

3. CARRIERS, § 198*—*when affidavit of defense by connecting carrier sufficiently alleges sole liability of initial carrier.* In an action against a connecting interstate carrier for damage to shipment shipped under a through bill of lading, an affidavit of defense averring that the damages, "if any, are not chargeable in any way to the defendant," is sufficient to raise the point that the Carmack Amendment has superseded all regulations and policies of the different States in regard to interstate carrier's liability, and such action must be brought against the initial carrier.

---

## Albert L. von Degens, Plaintiff in Error, v. Lillian von Degens, Defendant in Error.

### Gen. No. 22,074.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed May 29, 1916.

### Statement of the Case.

Bill for divorce by Albert L. von Degens, complainant, against Lillian von Degens, defendant. To reverse an order dismissing the bill for want of equity, the complainant prosecutes a writ of error.

Complainant filed his bill of complaint asking for a divorce from his wife on the ground that she had been guilty of extreme and repeated cruelty towards him. Upon hearing he testified as to the alleged acts of cruelty, and was corroborated to a certain extent by the testimony of his two sons. After hearing the court ordered the bill dismissed for want of equity.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WILLIAM A. JENNINGS, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

DIVORCE, § 12*—*when husband not entitled to divorce on ground of extreme cruelty.* Where a husband asks for a divorce from his wife upon the ground of extreme and repeated cruelty, he must make out a clear case; and it is not sufficient for him to show slight acts of violence on her part towards him so long as there is no reason to suppose that he cannot protect himself by a proper exercise of his marital powers.

---

### Joseph Maslo by Stanislaw Maslo, Defendant in Error, v. Franciszka Matyasik, Plaintiff in Error.

### Gen. No. 22,279.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed May 29, 1916.

### Statement of the Case.

Action by Joseph Maslo, by Stanislaw Maslo, his next friend, plaintiff, against Franciszka Matyasik, defendant, for damages for personal injuries to the plaintiff, alleged to have resulted from his being struck by a brick thrown by the defendant. To reverse a judgment for plaintiff for four hundred dollars, defendant prosecutes a writ of error.

The plaintiff, a boy six years of age, was struck on the head by a brick alleged to have been thrown by

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.